BLD-219                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4312
_____

JAMES TROIANO,
                                    Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01622)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se Appellant James Troiano is a federal inmate confined at USP-Allenwood in

White Deer, Pennsylvania.  He appeals from an order of the United States District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for the Middle District of Pennsylvania dismissing his habeas petition under 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In 2006, after a federal jury trial in the District of Hawaii (case number 05-cr-00261), Troiano was convicted of one count each of (1) conspiring to obstruct commerce by robbery (Hobbs Act, 18 U.S.C. §§ 1951 and § 2); (2) obstructing commerce by robbery (18 U.S.C. §§ 1951 and 2); (3) using a firearm while obstructing commerce by robbery (18 U.S.C. § 924(c)); and (4) being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(e)). The sentencing court imposed an aggregate sentence of twenty-four years. The Ninth Circuit affirmed, and on April 14, 2008, the United States Supreme Court denied Troiano's petition for a writ of certiorari. On April 14, 2009, through counsel, Troiano filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising two claims of ineffective assistance of prior counsel. In August 2009, the sentencing court denied the § 2255 motion on the merits. No notice of appeal was filed.

Several years later, in August 2014, Troiano filed his § 2241 habeas petition in the District Court. He raised ten issues, nine of which related to the trial proceedings. In his tenth claim, Troiano invoked the then-new Supreme Court decision in Rosemond v. United States, 134 S. Ct. 1240 (2014). Acknowledging his § 2255 history, Troiano cited our decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), asserting that he is entitled to § 2241 habeas relief because § 2255 is inadequate and ineffective to raise his statutory claim under Rosemond; he conceded that he cannot meet the criteria for filing a second or successive § 2255 motion. The District Court dismissed Troiano's habeas petition for

2

lack of jurisdiction, explaining that Troiano's personal inability to meet § 2255's gatekeeping requirements for filing a second or successive motion did not allow him to evade those requirements by pursuing relief under § 2241.

Troiano appeals. Upon notification that this appeal would be submitted for possible dismissal or summary action, Troiano submitted a response containing argument in support of his appeal. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

As discussed by the District Court, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d at 249. A petitioner can seek habeas relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d at 249-51. As explained by the District Court, a § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be

non-criminal by an intervening change in law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Troiano contends that the District Court erred in failing to address his arguments in support of § 2241 habeas jurisdiction.  We will consider his assertions in turn.  First, Troiano contends that his claim under Rosemond meets the safety valve criteria for proceeding under § 2241.  Noting that his conspiracy and Hobbs Act robbery convictions were as an aider and abettor under 18 U.S.C. § 2, Troiano asserts that, under Rosemond, the jury should have been instructed that proof of Troiano's advance knowledge of the conspiracy and Hobbs Act robbery was required to find him guilty.  He claims that he is entitled to habeas relief as to all counts of the indictment because the trial court's jury instructions did not include the element of advance knowledge.

The offense at issue in Rosemond was the aiding and abetting, 18 U.S.C § 2, of a violation of 18 U.S.C. § 924(c), which prohibits using or carrying a firearm when engaged in a crime of violence or drug trafficking crime.  The Supreme Court clarified the requirements for showing that a defendant aided and abetted a § 924(c) offense, holding that the government must prove that "the defendant actively participated in the underlying drug trafficking or violent crime *with advance knowledge* that a confederate would use or carry a gun during the crime's commission."  134 S. Ct. at 1243 (emphasis added).  In the context of the drug crime facts in Rosemond, the Court explained that to aid and abet a § 924(c) violation, a defendant must have advance knowledge that the criminal plan was "not just for a drug sale, but for an armed one"; in continuing with the

4

crime instead of walking away, the defendant shows intent to aid in an *armed* offense. Id. at 1249. The Supreme Court thus concluded that the jury instructions in that case were erroneous because they did not require the jury to find that the defendant had advance knowledge that a cohort in the plan would be armed. See id. at 1251-52.

Troiano's situation is distinguishable from Rosemond. Rosemond addresses the requirements and jury instructions concerning aiding and abetting a § 924(c) offense, but Troiano's claim relates to the jury instructions concerning aiding and abetting a Hobbs Act robbery. Unlike in Rosemond, the issue of advance knowledge that a confederate would use or carry a firearm in relation to the underlying crime appears to be irrelevant in Troiano's case, not least because Troiano was convicted of violating § 924(c), not aiding and abetting a § 924(c) violation. He has not demonstrated that he was convicted of conduct that is no longer criminal under Rosemond and correspondingly has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention.

Troiano also contends that the District Court erred in failing to consider his other arguments that § 2255 is inadequate or ineffective. He points to the declarations given by his mother and himself and states that various circumstances--including the ineffective assistance of counsel in his § 2255 motion filed in 2009, the misconduct and abandonment by prior retained counsel to pursue § 2255 relief, and his solitary confinement conditions while under psychiatric care—rendered ineffective his pursuit of § 2255 relief. As explained by the District Court, in order to pursue his claims via § 2241, Troiano must show that the inadequacy of § 2255 relief involves a limitation of

5

scope or procedure preventing a full adjudication of the wrongful detention claims. <u>See</u>, e.g., <u>Cradle</u>, 290 F.3d at 538. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative." <u>Id.</u> Although unfortunate if true, Troiano's personal difficulties and dissatisfaction with counsels' handling of his § 2255 proceedings do not render the remedy inadequate or ineffective for purposes of pursuing § 2241 relief.

For the above reasons, the District Court's dismissal of Troiano's § 2241 habeas petition for lack of jurisdiction was appropriate. We have considered Troiano's arguments and the record and find that no substantial question is presented. Accordingly, we will affirm the judgment of the District Court. <u>See</u> Third Circuit LAR 27.4; I.O.P. 10.6.